UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BEACON COLLEGE, INC., a
Florida non-profit corporation,

       Plaintiff,

-vs-               Case No. 5:05-cv-374-Oc-10GRJ

PHILADELPHIA INDEMNITY
INSURANCE COMPANY, a foreign
insurance company,

       Defendant.
_____

## **O R D E R**

This is a diversity action by the Plaintiff, Beacon College, Inc. ("Beacon College") against its insurer, Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity) alleging breach of their commercial property insurance policy. Beacon College alleges that it suffered damages from Hurricane Jeanne and that Philadelphia Indemnity has failed to cover these damages as provided within the terms of their insurance policy. Currently before the court for consideration is Philadelphia Indemnity's Motion to Dismiss the Complaint or Alternatively, for a More Definite Statement (Doc. 4), to which Beacon College has filed a response in opposition (Doc. 5). Upon due consideration, and for the reasons that follow, Philadelphia Indemnity's motion is due to be denied.

**BACKGROUND AND FACTS**

The following facts are alleged in Beacon College's Complaint (Doc. 1) and are taken as true for the purposes of the motion to dismiss. Beacon College is a Florida non-profit corporation with its principal place of business in Leesburg, Florida. Philadelphia Indemnity is a foreign insurance corporation with its principal place of business in Bala Cynwyd, Pennsylvania. Philadelphia Indemnity issued an insurance policy, number PHPK084641, to Beacon College which covered several of Beacon College's buildings See Complaint, Exh. A.[1] The insurance policy's effective date was July 25, 2004 through July 25, 2005 and insured these buildings against various hazards, including windstorm damage and associated perils.

On or about September 26, 2004, while the insurance policy was in full force and effect, several of Beacon College's buildings suffered damage from windstorm and associated windstorm activity. Beacon College timely notified Philadelphia Indemnity of the losses and damage and cooperated fully in the ensuing investigation of its claim. Philadelphia Indemnity issued a payment for $50,000 to cover the losses to one building, which was far less than the actual amount of the damage to that building, and completely ignored the damage to the other buildings.

---

[1] The Court may consider the insurance policy, which is attached to the Complaint and the obvious subject matter of this lawsuit, without converting Philadelphia Indemnity's motion to dismiss into a motion for summary judgment. See Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir.1999); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir.1997).

At some point thereafter, Philadelphia Indemnity notified Beacon College that the $50,000 payment was in error, because the insurer failed to take into account the substantial co-insurance payments for which Beacon College was responsible: $87,000 under replacement cost theory or $66,000 under action cash value theory. To date, Philadelphia Indemnity has failed to pay in excess of $200,000 in covered losses to Beacon College, and Beacon College alleges that it has been damaged by this refusal to pay.

Based on Philadelphia Indemnity's position, Beacon College filed this action on August 29, 2005. The Complaint raises a single state law claim for breach of contract, and seeks payment under the terms of the insurance policy for its covered losses as well as attorneys' fees. In response, Philadelphia Indemnity filed the instant motion to dismiss.

## DISCUSSION

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). Thus, if a complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it ask for the proper relief," it is sufficiently plead. Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957). As the Supreme Court declared in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove not set of facts in support of his claim that would entitle him to relief."

See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim," Conley, 355 U.S. at 47.  Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id.  However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

Federal Rule of Civil Procedure 12(e) provides the standard for granting a motion for more definite statement:

> Where a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e).  See also Barnett v. Bailey, 956 F.2d 1036 (11th Cir.1992).  Where a complaint may not have contained sufficient information to allow a responsive pleading to be framed, "a district court should give a plaintiff an opportunity to amend his complaint

rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir.1985) (internal citations omitted). However, because the rules of civil procedure employ the concept of notice pleading, motions for a more definite statement are not favored in light of the federal system's liberal discovery practice. Scarfato v. National Cash Register Corp., 830 F.Supp. 1441 (M.D.Fla.1993).

### *The Complaint Sufficiently Alleges a Breach of Contract Claim*

Philadelphia Indemnity argues that it cannot properly respond to Beacon College's Complaint because it does not set forth any claims for relief. Philadelphia Indemnity assumes that Beacon College is attempting to set forth a claim for breach of contract, but cannot be sure because Beacon College has not set forth the required elements of such a claim. Philadelphia Indemnity is wrong.

To state a cause of action for breach of contract, all Beacon College must do is allege: (1) the existence of a contract; (2) a breach thereof; and (3) damages flowing from the breach. Boim v. National Data Products, Inc., 932 F. Supp. 1402, 1405 (M.D. Fla. 1996) (citing Knowles v. C.I.T. Corp., 346 So. 2d 1042 (Fla. 1st DCA 1977)); Anthony Distributors, Inc. v. Miller Brewing Co., 941 F. Supp. 1567, 1574 (M.D. Fla. 1996). It is clear to the Court that Beacon College has done just that. In paragraphs 5-6, Beacon College alleges that it had valid insurance contract with Philadelphia Indemnity, which was in effect at the time of the alleged breach. In paragraphs 6-11, Beacon College alleges that it suffered a loss allegedly covered by the insurance policy, and that Philadelphia Indemnity

refused to cover that loss, as required by the terms of the policy - *i.e.* a breach of the policy. And, in paragraph 11, Beacon College alleges that Philadelphia Indemnity refused to pay in excess of $200,000 and that Beacon College has suffered damages as a result - *i.e.* the damage alleged are in excess of $200,000. All of the elements of a breach of contract claim have been set forth.

Philadelphia Indemnity, however, argues that Beacon College must use the magic word "breach" in its Complaint in order to allege a valid claim, and that Beacon College must specify, to the penny, its damages. This is not true. As discussed in detail above, the Federal Rules do not require each element of a claim to be set forth in minute detail. Rather, all that Rule 8(a) requires is a short and plain statement of the facts sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2); Conley, 355 U.S. at 47. The allegations set forth in the Complaint clearly give Philadelphia Indemnity notice that Beacon College is alleging a breach of its insurance policy and is seeking damages in excess of $200,000 plus attorneys' fees. The Federal Rules require no more.

Notably, Philadelphia Indemnity has cited to no authority - state or federal - to support its very strict interpretation of the liberal Federal "notice pleading" standard. And the Court has also found no authority to support Philadelphia Indemnity's position.[2] As

---

[2]Philadelphia Indemnity also argues that the Complaint should be dismissed because Beacon College has not properly alleged a breach of the insurance policy's co-insurance provision. However, it is clear to the Court that Beacon College is not alleging a breach of that
(continued...)

such, Philadelphia Indemnity's Motion to Dismiss fails.  Given that Beacon College has complied with the requirements of Fed.R.Civ.P. 8(a), the Court finds that Beacon College's Complaint is not so vague or ambiguous as to require Beacon College to amend its claim with more specificity.  Therefore, Philadelphia Indemnity's request for a more definite statement is also due to be denied.

## CONCLUSION

Accordingly, upon due consideration, the Defendant Philadelphia Indemnity's Motion to Dismiss the Complaint or Alternatively for a More Definite Statement (Doc. 5) is DENIED.  Philadelphia Indemnity shall file its response to Beacon College's Complaint within ten (10) days from the date of this Order.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 28th day of February, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

²(...continued)
provision. Beacon College states in its opposition that its reference to that provision and to Florida Statute § 627.701 is not a separate claim, but rather "simply another aspect of the contract which will have to be dealt with." Thus, as Beacon College admits, "there is no separate 'breach' relating to the co-insurance clause." See Beacon College's Memorandum of Law Opposing Defendant's Motion to Dismiss (Doc. 5) at 3.

7